IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**BILLY C. ANDERSON**                                                                                       **PLAINTIFF**

**v.**                                                            **CIVIL NO. 1:23-cv-00043-HSO-BWR**

**MISSISSIPPI BAR, et al.**                                                              **DEFENDANTS**

## ORDER OF DISMISSAL

BEFORE THE COURT is pro se Plaintiff Billy C. Anderson's Complaint [1] arising under 42 U.S.C. § 1983. Anderson is a prisoner currently incarcerated with the Mississippi Department of Corrections, and he is housed at the South Mississippi Correctional Institute in Leakesville, Mississippi. Compl. [1] at 1. Anderson names the Mississippi Bar and J. Adam Miller as Defendants, *id.*, and he alleges that they violated his "federal" right to due process, Resp. [14] at 2-3. Anderson is proceeding *in forma pauperis* ("IFP"). Order [5].

The Court finds that this case should be dismissed. Anderson's claims arising under § 1983 against the Mississippi Bar will be dismissed with prejudice as frivolous and for failure to state a claim. Anderson's § 1983 claims against Miller are time-barred and will also be dismissed with prejudice as frivolous and for failure to state a claim. The Court will decline to exercise supplemental jurisdiction over any remaining state-law claims, and they will be dismissed without prejudice.

## I. BACKGROUND

On June 26, 2015, Anderson was convicted under Mississippi Code § 97-5-23 on seven counts of touching a child for lustful purposes. Resp. [18] at 1. Anderson

asserts that, on or about January 8, 2016, he paid Defendant Miller, who is an attorney, anywhere from $7,000.00 to $25,000.00 to appeal his criminal conviction. Compl. [1-1] at 8-9; Resp. [14] at 3; Resp. [18] at 2. Allegedly, Miller "took the money" but never noticed or otherwise prosecuted the appeal. Resp. [14] at 3.

Anderson learned from the trial court clerk that "no 'Notice of Appeal' had been filed" on June 22, 2017. Resp. [18-1] at 2; *see also id.* at 4. He realized then that Miller did not plan to work on his case, Resp. [18] at 2, and on November 27, 2017, Anderson petitioned the District Attorney's Office to charge Miller with "blatant fraud and possibly false pretense," Compl. [1-1] at 8; *see also* Resp. [18-1] at 1. Instead, Miller "was brought before a tribunal [of] the Mississippi Supreme Court," Compl. [1-1] at 8, and on September 6, 2019, was "ordered . . . to repay [the money that] he defrauded within 6 months," *id.*; *see also* Compl. [1-1] at 2-7 (order granting the Mississippi Bar's motion for default judgment against Miller). Miller's law license was suspended during this time, and six months elapsed with "no word" from him. *Id.* at 8.

Anderson contends that the Mississippi Bar violated his "federal" right to due process "by failing to enforce" the order requiring Miller to repay the missing funds. Resp. [14] at 2. He believes the Mississippi Bar should have required Miller to repay the missing funds before "reinstat[ing] his license" to practice law. *Id.* Anderson argues that Miller likewise violated his "federal due process rights" by providing ineffective assistance of counsel and "by denying [Anderson] [his] right to appeal." *Id.* at 3.

2

## II. DISCUSSION

A. The Prison Litigation Reform Act

Because Anderson is proceeding *in forma pauperis*, Order [5], his Complaint is subject to the case-screening procedures outlined in the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(e)(2). The PLRA mandates dismissal if at any time the Court determines the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." *Id*. § 1915(e)(2)(B). "A complaint is frivolous if it lacks an arguable basis in either law or fact." *Fountain v. Rupert*, 819 F. App'x 215, 218 (5th Cir. 2020). "A complaint fails to state a claim upon which relief may be granted if, taking the plaintiff's allegations as true, he could prove no set of facts in support of his claim that would entitle him to relief." *Id*.

In an action proceeding under § 1915, courts may "evaluate the merit of the claim sua sponte." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id*. So long as the plaintiff "has already pleaded his 'best case,'" *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (quoting *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)), and his "insufficient factual allegations [cannot] be remedied by more specific pleading," *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994), the Court may dismiss the action sua sponte.

B.   Anderson's § 1983 claims against the Mississippi Bar

"Section 1983 provides relief for deprivations committed by *persons* acting under color of state law." *Magee v. White*, No. 1:21-cv-00001-LG-RPM, 2022 WL 264544, at *6 (S.D. Miss. Jan. 27, 2022). "The State of Mississippi is not amenable to suit under this statute, because 'a State is not a person within the meaning of § 1983.'" *Id*. (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989)). "This holding likewise applies to any governmental entities that are considered arms of the State for Eleventh Amendment purposes." *Id*. (quotations omitted). "The Mississippi Bar is considered an arm of the State of Mississippi." *Id*. (citing *Davis v. Mississippi*, No. 96-60475, 1997 WL 368353, at *1 (5th Cir. June 20, 1997)); *see also Adams v. Schmidt*, No. 2:14-cv-00059-DPJ-FKB, 2014 WL 10920441, at *3 n.1 (S.D. Miss. Sept. 22, 2014).

Because the Mississippi Bar is an arm of the State, Anderson's § 1983 claims against it are both frivolous and fail to state a claim under 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). *See Magee*, 2022 WL 264544, at *7. They must be dismissed with prejudice.

C.   Anderson's § 1983 claims against Miller

These claims fail because they were not timely filed within the applicable statute of limitations. "A district court may raise the defense of limitations *sua sponte* . . . and dismissal is appropriate if it is clear from the face of the complaint that the claims asserted are barred by the applicable statute of limitations." *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006) (quotation and brackets

4

omitted). Claims barred by the applicable statute of limitations are properly dismissed as frivolous and for failure to state a claim under § 1915. *Goosby v. Robertson*, 602 F. App'x 190, 191 (5th Cir. 2015) (affirming dismissal of time-barred § 1983 claims as frivolous and for failure to state a claim).

There is no federal statute of limitations for civil rights actions brought under § 1983. *Owens v. Okure*, 488 U.S. 235, 239 (1989). "Because § 1983 claims are best characterized as personal injury actions, [the Supreme Court has] held that a State's personal injury statute of limitations should be applied to all § 1983 claims." *Id.* at 240-41 (quotation omitted). "The applicable Mississippi statute of limitations period is three years." *Mann v. Bryant*, No. 1:20-cv-00267-LG-RPM, 2021 WL 4254860, at *2 (S.D. Miss. Sept. 17, 2021); *see also* MISS. CODE ANN. § 15-1-49.

While Mississippi law governs the applicable limitations period, federal law controls when a claim accrues. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). A claim accrues when a plaintiff has "a complete and present cause of action." *Id.* (quotation omitted). The limitations period begins to run when a plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001); *see also Walker v. Epps*, 550 F.3d 407, 414 (5th Cir. 2008). "A plaintiff's awareness encompasses two elements: (1) The existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions." *Piotrowski*, 237 F.3d at 576 (quotation omitted). "A plaintiff need not know that [he] has a legal

cause of action; [he] need know only the facts that would ultimately support a claim." *Id*.

Under these principles, Anderson's claims against Miller accrued on or about June 22, 2017—when he realized that Miller had taken his money with no intention of providing legal services. Resp. [18] at 2. Anderson's documentary evidence reflects that he knew of his injuries on that date or shortly thereafter, as he petitioned the District Attorney's Office to file criminal charges against Miller for "fraud, theft, [and] false pretenses" on November 27, 2017. Resp. [18-1] at 1. Thus, the period for filing a lawsuit under § 1983 against Miller expired at the very latest by November 27, 2020. *See Petty v. Boyd*, No. 1:11-cv-00016-JMR, 2011 WL 3876969, at *3 (S.D. Miss. Aug. 31, 2011) (giving a pro se plaintiff "the benefit of the most favorable date in the record" to determine when his claim accrued under § 1983). Anderson did not sign his Complaint until January 25, 2023, Compl. [1] at 5, more than two years after the applicable statute of limitations expired.

Thus, Anderson's § 1983 claims against Miller are time-barred, and they will be dismissed with prejudice as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). *See Goosby*, 602 F. App'x at 191.

D.  Anderson's remaining state-law claims

The Court has determined that all of Anderson's claims arising under federal law should be dismissed, and it is clear from the record that complete diversity of citizenship is lacking. Anderson admits that he is a permanent resident of the State of Mississippi, Resp. [14] at 1, and both Defendants appear to be citizens of

6

Mississippi. Thus, supplemental jurisdiction under 28 U.S.C. § 1367 would be the only basis for the Court to retain jurisdiction to adjudicate any of Anderson's state-law claims.

A district court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "[T]he preferred practice, when no extensive proceedings on the ancillary claim have begun in federal court, is to dismiss the [ancillary claim] so that the case may be brought in state court where it belongs." *Putnam v. Williams*, 652 F.2d 497, 502 (5th Cir. 1981); *see also Alphonse v. Arch Bay Holdings, L.L.C.*, 618 F. App'x 765, 769 (5th Cir. 2015) ("As a general rule, a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial." (quotation and ellipsis omitted)). In determining whether to exercise supplemental jurisdiction, the Court also considers "judicial economy, convenience, fairness, and comity." *Brookshire Bros. Holding v. Dayco Prods., Inc.*, 554 F.3d 595, 601-02 (5th Cir. 2009).

Based on the circumstances of this case, and because it has dismissed all claims over which it had original jurisdiction, the Court will decline to exercise supplemental jurisdiction over any remaining state-law claims. This case is still being screened under § 1915, and neither Defendant has been served with process. The parties have conducted no discovery and filed no dispositive motions. Moreover, "[a] state court is in a better position to adjudicate [Anderson's] claims arising under state law." *Ellsberry v. Stewart*, No. 1:21-cv-00385-BWR, 2023 WL

2386706, at *8 (S.D. Miss. Mar. 6, 2023). Anderson's remaining state-law claims, if any, will therefore be dismissed without prejudice. *See Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir. 1999) ("[T]he dismissal of the pendent claims should expressly be *without* prejudice so that the plaintiff may refile his claims in the appropriate state court.").

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, this civil action is **DISMISSED**. Plaintiff Billy C. Anderson's federal-law claims against the Mississippi Bar are **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). Anderson's federal-law claims against Defendant J. Adam Miller are **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). Because the Court declines to exercise supplemental jurisdiction, any remaining state-law claims are **DISMISSED WITHOUT PREJUDICE**. A separate final judgment will be entered under Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this 22nd day of February, 2024.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE